| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND RETURN OF SERVICE | CASE NO. 14-014651-CZ |
|---|---|---|

2 Woodward Ave., Detroit MI 48226                                         Court Telephone No. 313-224-2240

THIS CASE IS ASSIGNED TO JUDGE    Daphne Means Curtis    Bar Number: 26255

| Plaintiff | | Defendant |
|---|---|---|
| Wilson, Darius | v | International Preparatory Academy |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Shawn C. Cabot, P-64021 9750 Highland Rd White Lake, MI 48386-2317 | |

| CASE FILING FEE | JURY FEE |
|---|---|
| [X] Case Filing Fee - $150.00 | [X] Jury Fee - $85.00 |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 11/12/2014 | 2/11/2015 | File & Serve Tyler |

*This summons is invalid unless served on or before its expiration date.      CATHY M. GARRETT - WAYNE COUNTY CLERK

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

X  There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

__ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

__ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

__ An action within the jurisdiction of the family division of circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket No. | Judge | Bar No. |
|---|---|---|
| | | |

The action  [ ] remains  [ ] is no longer  pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.



11-12-2014
Date                                        Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE
MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | RETURN OF SERVICE | CASE NO. 14-014651-CZ |
|---|---|---|

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization not required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of me information, knowledge and belief.

| Service fee $ | Miles traveled $ | Mileage fee $ | Total fee $ | Signature |
|---|---|---|---|---|
| | | | | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                            Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

on behalf of _____

_____
Signature

MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE
MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DARIUS WILSON, by and through his Guardian,
CAROL MOBLEY,

    Plaintiff,

v.

INTERNATIONAL PREPARATORY ACADEMY,
PRINCIPAL WELLES, ALANA FOSTER,

    Defendants.

CASE NO:  14-CZ
HONORABLE:

14-014651-CZ
FILED IN MY OFFICE
WAYNE COUNTY CLERK
11/12/2014 4:14:07 PM
CATHY M. GARRETT

CHRISTOPHER TRAINOR & ASSOCIATES
Christopher J. Trainor (P42449)
Amy J. DeRouin (P70514)
Shawn C. Cabot (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com

              /

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION
RISING OUT OF THE TRANSACTION OR OCCURRENCE
ALLEGED IN THE COMPLAINT

**COMPLAINT AND JURY DEMAND**

    **NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants, states as follows:

1.    Plaintiff Darius Wilson is a minor and currently resides in the City of Detroit, County of Wayne, State of Michigan.

2.    Carol Mobley is the duly appointed Guardian of Darius Wilson.

3. Defendant International Preparatory Academy ("IPA") is a domestic nonprofit corporation which provides educational services, and is organized and existing under the laws of the State of Michigan.

4. Defendant IPA is a public school academy authorized to provide educational services by the Detroit Public Schools.

5. Defendant Principal Welles is and/or was the principal of Defendant International Preparatory Academy at all times referenced herein, and was acting within the course and scope of his employment at all times complained of herein, and under color of law.

6. Defendant Foster is and/or was a teacher at IPA at all relevant times herein and was acting within the course and scope of her employment at all times complained of herein, and under color of law.

7. Defendants were responsible for providing safe, quality education to Plaintiff and the other students enrolled therein.

8. All events giving rise to this lawsuit occurred in the City of Detroit, County of Wayne, State of Michigan.

9. That the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00) exclusive of interest, costs, and attorney fees.

## FACTS

10. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

11. At all relevant times herein, Plaintiff Darius was a seventh grade student who was attending Defendant IPA.

12. The 2012/2013 school year was Plaintiff's first time ever attending IPA.

13.     Plaintiff had a disability, namely aortic valve stenosis, which caused him to be significantly smaller in stature and weaker than his peers.

14.     As soon as Plaintiff began attending IPA, he became the target of repeated and non-stop bullying from the other students at the school.

15.     During the school day, Plaintiff was repeatedly called names such as "sissy," "faggot," "nerd," "girl," and "ugly."

16.     Also, students would walk passed Plaintiff and push him, hit him, and otherwise physically bully him on a constant and repeated basis.

17.     On repeated and multiple occasions, Plaintiff's Guardian, Carol Mobley, contacted Defendant Welles to complain about the incessant bullying, yet nothing was done.

18.     On or about November 13, 2012, Plaintiff was standing in line to get a drink from the water fountain after gym class.

19.     Despite the fact that Plaintiff was minding his own business, another student pushed Plaintiff out of line and proceeded to punch Plaintiff in the head.

20.     On or about November 14, 2012, Plaintiff was pushed into a desk in the classroom while Defendant Foster was present, yet nothing was done to the perpetrator of the assault and battery.

21.     On or about November 15, 2012, Plaintiff's Guardian, Carol Mobley, again spoke with Defendant Welles and explained the constant bullying of Plaintiff, yet again, no affirmative action was taken to ensure Plaintiff's safety in the school or ensure that the bullying ceased.

22.     On or about November 16, 2012, Plaintiff was in the cafeteria when another student came and poured potato chips on Plaintiff; and when Plaintiff asked why the student did this, Plaintiff was punched in the head and fell to the cafeteria floor.

23. Plaintiff was taken to Urgent Care, and it was determined that Plaintiff had suffered a concussion.

24. At the end of November 2012, Ms. Mobley wrote a letter to Plaintiff's teachers regarding the bullying Plaintiff had been a victim of.

25. On or about November 26, 2012, one student held Plaintiff on the ground while another student punched Plaintiff in the head.

26. On or about December 10, 2012, Plaintiff was in the lunch line and a student pushed Plaintiff to the floor, where he laid until assisted by Mr. Stewart, a teacher at IPA.

27. Due to the fact that nothing was done to stop the bullying or even attempt to protect Plaintiff from the repeated and constant bullying, Plaintiff was removed from IPA.

28. As a result of Defendants' actions and/or inactions, Plaintiff sustained significant injuries and damages.

## COUNT I
## NEGLIGENCE OF DEFENDANT INTERNATIONAL PREPARATORY ACADEMY

29. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

30. Plaintiff was lawfully on Defendant's premises at all relevant times herein as a duly enrolled student.

31. Defendant had the duty to insure that the premises were safe and to supervise and/or control its employees and or those students under its control.

32. The aforementioned duties were breached by the Defendant, without regard to the Plaintiff's rights or welfare.

33. The Defendant's acts and/or omissions were the direct and proximate cause of Plaintiff's damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), exclusive of costs, interest, and attorney fees.

**COUNT II**
**NEGLIGENCE OF DEFENDANTS WELLES AND FOSTER**

34. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

35. At all times relevant herein, Defendants Welles and Foster were acting within the course and scope of their employment.

36. That Defendants Welles and Foster had a duty to perform their employment activities so as not to endanger or cause harm to individuals, specifically but not limited to, Plaintiff.

37. Notwithstanding Defendants' duties to perform their employment activities so as not to endanger or cause harm to individuals, Defendants breached the aforementioned duties without regard to the Plaintiff's rights or welfare.

38. That Defendant Welles' acts and/or omissions were the direct and proximate cause of Plaintiff's damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), exclusive of costs, interest, and attorney fees.

**COUNT III**
**GROSS NEGLIGENCE AS TO DEFENDANT WELLES AND FOSTER**

39. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

40. Defendants Welles and Foster were engaged in the exercise or discharge of a governmental function at all relevant times herein.

41. Defendants' conduct amounted to gross negligence that was the proximate cause of Plaintiff's injuries and damages.

42. Defendants Welles and Foster were working for the International Preparatory Academy at the time of the incidents complained of herein and had a duty to perform their employment activities so as not to endanger or cause harm to Plaintiff.

43. Notwithstanding these duties, Defendants breached their duties with deliberate indifference and gross negligence and without regard to Plaintiff's rights and welfare, which caused serious injuries and damages to Plaintiff.

44. Defendants knew or should have known that by breaching these duties, harm would come to Plaintiff.

45. That according to MCL 691.1407(2), the breach of Defendants' duty to exercise reasonable care was reckless and amounts to gross negligence.

46. That as a direct and proximate result of Defendants' indifferent/grossly negligent acts and/or omissions, Plaintiff suffered damages and injuries.

47. Defendants' conduct was so egregious and so outrageous that Plaintiff's damages were heightened and made more severe, thus Plaintiff is entitled to exemplary damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) exclusive of costs, interest, and attorney fees.

## COUNT IV
## DEFENDANT INTERNATIONAL PREPARATORY ACADEMY'S CONSTITUTIONAL VIOLATIONS

48. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

49. Acting recklessly, intentionally, and/or with deliberate indifference, Defendant International Preparatory Academy practiced and/or permitted customs, practices, and/or policies, which resulted in the violations of Plaintiff's constitutional rights complained of herein.

50. These customs, practices, and/or policies included but were not limited to:

   a. Failure to supervise administrators, teachers, and other employees to ensure that they act in the best interest of those in their care and custody upon the schools' premises, and to prevent unnecessary injuries as a result of improper observance of due process considerations;

   b. Failure to conduct investigations to ensure the protection of students on school grounds, and/or take protective action to ensure students' safety when direct actions/inaction of the school create dangerous situations for the students in its custody and care;

   c. Failure to train its administrators, teachers, and other employees in the proper procedure and policies regarding students' constitutional rights and the correct observance of the policies and procedure that promote the protection of students' constitutional rights and ultimate safety and welfare on the school campus;

   d. Failing to take affirmative steps to stop the bullying of Plaintiff despite the fact that notice of the bullying had been provided on various occasions.

51.    As the direct and proximate result of Defendant's acts and/or omissions, Plaintiff suffered injuries and damages. Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 including costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants in an amount which is fair, just, reasonable, and in excess of Twenty-Five Thousand Dollars ($25,000.00).

## COUNT V
## VIOLATION OF THE CHILD PROTECTION LAW, MCL 722.623
## AS TO ALL DEFENDANTS

52.    Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

53.    MCL 722.623 obligated Defendants to make a report of suspected child abuse or neglect when reasonable causes existed.

54.    MCL 722.623 et seq., provides that one who has a duty to report and fails to do so, may be civilly liable for damages.

55.    The Child Protection Law, Act 238 of 1975, was well established at the time of the incidents complained of herein and Defendants knew or should have known of its provisions.

56.    Defendants had actual knowledge of the assaults and batteries on Plaintiff and had a duty to report the matter, but failed to do so.

57.    As a result, Plaintiff suffered injuries and damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), exclusive of costs, interest, and attorney fees.

## COUNT VI
## VIOLATION OF FOURTEENTH AMENDMENT DUE PROCESS RIGHTS
## AS TO ALL DEFENDANTS

58. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

59. At all times mentioned herein, Defendants were acting under color of law and in the course and scope of their employment with Defendant Detroit Public Schools.

60. The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that "[n]o State shall ....deprive any person of life, liberty, or property without due process of law."

61. Plaintiff had a liberty interest in his own physical safety.

62. By their conduct, Defendants showed intentional, outrageous, and reckless disregard for Plaintiff's clearly established constitutional rights.

63. Defendants' actions and/or inactions showed deliberate indifference to Plaintiff's clearly established Fourteenth Amendment rights, and deprived Plaintiff of his clearly established constitutionally protected rights.

64. The harm caused Plaintiff was foreseeable and a fairly direct cause of Defendants' willful disregard of Plaintiff's clearly established Fourteenth Amendment rights.

65. As the direct and proximate result of Defendants' acts and/or omissions, Plaintiff suffered injuries and damages., and as such, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 including costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), exclusive of costs, interest, and attorney fees.

## COUNT VII
## VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT AS TO ALL DEFENDANTS

66. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

67. Defendants are subject to liability under the Michigan Persons with Disabilities Civil Rights Act, MCL 37.1101 *et seq*.

68. Plaintiff's disability was a factor that made a difference in Defendants' decision to subject him or to allow to be subjected to the unlawful and/or discriminatory treatment described above.

69. Defendants' actions were intentional and were made with reckless indifference to Plaintiff's rights.

70. Plaintiff was treated differently from the other students in his grade.

71. If Plaintiff had been a non-disabled student, he would not have been treated in the manner described herein.

72. Plaintiff was discriminated against and/or allowed to be discriminated against because of his disability.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), exclusive of costs, interest, and attorney fees.

## COUNT VIII
## VIOLATION OF TITLE IX
## AS TO ALL DEFENDANTS

73. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

74. Defendants are liable to Plaintiff under Title IX of the Educational Amendments of the Civil Rights Act, that being 20 U.S.C. § 1681.

75. That Defendants are liable to Plaintiff for violation of the equal protection rights of Plaintiff by failing to take immediate, decisive, and/or immediate remedial measures against known perpetrators of the offensive harassment, and that said failure being deliberate and intentional.

76. That Defendants are liable to Plaintiff because they failed to implement and/or enforce meaningful procedures to ensure compliance with federal law and to ensure the proper education and training of staff as to harassment issues.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), exclusive of costs, interest, and attorney fees.

        Respectfully Submitted,
        CHRISTOPHER TRAINOR & ASSOCIATES

BY:   /s/ Shawn C. Cabot
        CHRISTOPHER J. TRAINOR (P42449)
        AMY J. DEROUIN (P70514)
        SHAWN C. CABOT (P64021)
        Attorneys for Plaintiff
        9750 Highland Road
        White Lake, MI  48386
        (248) 886-8650

Dated:  November 12, 2014
AJD/scc

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DARIUS WILSON, by and through his Guardian,
CAROL MOBLEY,

    Plaintiff,

v.                                        CASE NO: 14-CZ
                                          HONORABLE:

INTERNATIONAL PREPARATORY ACADEMY,
PRINCIPAL WELLES, ALANA FOSTER,

    Defendants.
_____/

CHRISTOPHER TRAINOR & ASSOCIATES
Christopher J. Trainor (P42449)
Amy J. DeRouin (P70514)
Shawn C. Cabot (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com
_____/

## DEMAND FOR JURY TRIAL

    **NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

                                    Respectfully Submitted,
                                    CHRISTOPHER TRAINOR & ASSOCIATES

                            BY:    **/s/ Shawn C. Cabot**
                                    CHRISTOPHER J. TRAINOR (P42449)
                                    AMY J. DEROUIN (P70514)
                                    SHAWN C. CABOT (P64021)
                                    Attorneys for Plaintiff
                                    9750 Highland Road
                                    White Lake, MI 48386
                                    (248) 886-8650

Dated: November 12, 2014
AJD/scc

_____
Name, title, and signature of person
answering these discovery requests.

                                      Respectfully Submitted,
                                      CHRISTOPHER TRAINOR & ASSOCIATES

                                      *Shawn C. Cabot*

                                      CHRISTOPHER J. TRAINOR (P42449)
                                      SHAWN C. CABOT (P64021)
                                      Attorneys for Plaintiff
                                      9750 Highland Road
                                      White Lake, MI 48386
                                      (248) 886-8650

Dated: January 21, 2014
SCC/sls